# UNITED STATES COURT OF APPEALS
Filed 11/12/96TENTH CIRCUIT

SHELIA D. HUDSON,

      Plaintiff-Appellant,

v.

UNITED STATES MARSHAL, Officer-A,

      Defendant-Appellee.

Case No. 96-3184

(D.C. 96-CV-3165)
(District of Kansas)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Plaintiff Shelia D. Hudson appeals the dismissal of her pro se action against an unidentified United States Marshal alleging a violation of her Eighth Amendment right to be free from cruel and unusual punishment and seeking monetary damages pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The United States District Court for the District of Kansas dismissed Ms.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Hudson's complaint sua sponte for failure to allege a claim of constitutional dimension. We exercise jurisdiction under 28 U.S.C. 1291 and affirm the district court.[1]

Ms. Hudson claims that she was subjected to cruel and unusual punishment during her air transport from Oklahoma on a Kansas extradition warrant. She seeks damages based on the failure of a male United States Marshal to allow her to use the plane's restroom while the plane was on the ground. Ms. Hudson acknowledges her awareness of the policy that restrooms were available only while the plane was in flight and only for female prisoners if accompanied by a female guard, but contends that the marshal's deliberate indifference to her emergency situation for some thirty to forty-five minutes caused her considerable pain and distress and resulted in her urinating in her seat. She indicates that she received dry clothing at the next stop on the flight, an hour later, but that the clothing she received was torn and caused her further emotional pain and distress.

We review de novo the district court's dismissal of Ms. Hudson's complaint for failure to state a claim. See Kidd v. Toas Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996). To establish a Bivens cause of action, a plaintiff must have some evidence to support a finding that a federal agent, acting under color of such authority, violated some cognizable constitutional right of the plaintiff. See Bivens, 403 U.S. 388 (1971); Seigert v. Gilley, 500 U.S. 226, 233-34 (1991) (holding that alleged conduct must rise to the level

---

[1] After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

of a constitutional violation to support a <u>Bivens</u> claim). Here, Ms. Hudson claims a violation of her Eighth Amendment rights. For liability under the Eighth Amendment to ensue, the Supreme Court instructs that: "[f]irst, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities," and second, "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." <u>See</u> <u>Farmer v. Brennan</u>, 114 S. Ct. 1970, 1977 (1994) (internal quotations and citations omitted); <u>see also</u> <u>Penrod v. Zavaras</u>, 94 F.3d 1399, 1405-06 (10th Cir. 1996); <u>Grimsley v. MacKay</u>, 93 F.3d 676, 680-81 (10th Cir. 1996).

We do not believe Ms. Hudson's allegations amount to a deprivation of her constitutional right to be free from cruel and unusual punishment. Although access to a restroom may be essential to a "minimal civilized measure of life's necessities," <u>see</u> <u>Farmer</u>, 114 S. Ct. at 1977 (internal quotation and citation omitted), Ms. Hudson admits in her complaint that the guard was acting in accordance with a policy providing that prisoners not use the restrooms while the plane was on the ground and requiring female guards to accompany female prisoners to the restroom. On their face these policies are reasonable, leaving the marshal with the unenviable choice between violating the policies or ignoring a possibly valid request for immediate use of the restroom. In this case, unfortunately, the clash in these conflicting responsibilities resulted in the embarrassing and unfortunate incident of which Ms. Hudson complains. The marshals apologized and

3

provided Ms. Hudson with dry clothes as soon as they could. Even though the clothes provided may have been inadequate, they were better than the alternative, and Ms. Hudson states that she received satisfactory clothing when she reached her destination. However sorry we may feel for Ms. Hudson, the defendant marshal's actions simply do not constitute a wanton deprivation of one of life's necessities, but rather, his choice to follow reasonable departmental policies.

We therefore affirm the district court's dismissal of Ms. Hudson's <u>Bivens</u> action. The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge